# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: <br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>    as representative of <br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br>    Debtors.¹ | PROMESA <br><br> Title III <br><br> No. 17-BK-3283-LTS <br><br> (Jointly Administered) |
| In re: <br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>    as representative of <br><br>PUERTO RICO ELECTRIC POWER AUTHORITY, <br><br>    Debtor. | PROMESA <br><br> Title III <br><br> No. 17-BK-4780-LTS |
| LUMA ENERGY, LLC and LUMA ENERGY SERVCO, LLC, <br><br>    Plaintiffs, <br><br>  -v- | Adv. Proc. No. 3:25-00043-LTS <br> in 17-BK-4780-LTS |

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

> PUERTO RICO ELECTRIC POWER AUTHORITY and
> PUERTO RICO PUBLIC-PRIVATE PARTNERSHIPS
> AUTHORITY,
>
>                                       Defendants.

## JOINT STATUS REPORT REGARDING
## MOTION TO SEAL AND MOTION FOR PROVISIONAL RELIEF

**To the Honorable United States District Judge Laura Taylor Swain:**

In the *Order Concerning Motion to Seal Portions of LUMA's Motion for Provisional Relief and Certain Exhibits* [ECF No. 9] (the "August 26 Order"), the Court directed the parties to meet and confer "regarding the need, if any, for sealing materials and for motion practice concerning the Motion for Provisional Relief" (defined below) and to file a joint status report addressing whether the issues raised in the Motion to Seal and the contemplated Motion for Provisional Relief have been resolved and, if any litigation of the issues remains necessary, a proposed schedule for submitting and briefing such issues" (the "Joint Status Report") by September 2, 2025 at 5:00 p.m. (AST).[2] *See* August 26 Order at 3.

This Joint Status Report is being submitted by the following:

(i)     LUMA Energy, LLC and LUMA Energy Servco, LLC ("LUMA");

(ii)    Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's sole representative under section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241;

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Complaint and Motion for Provisional Relief.

2

(iii) Puerto Rico Public-Private Partnerships Authority ("P3A," together with PREPA, "Defendants," and together with LUMA, the "Parties") by and through the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") as the sole entity authorized to act on behalf of all of Puerto Rico's governmental entities pursuant to the AAFAF Enabling Act, Act 2-2017.

I. **Background**

1. On July 22, 2025, P3A sent a Notice of Dispute ("P3A's Notice of Dispute") pursuant to the June 22, 2020 Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement (as amended and supplemented, the "T&D OMA") to LUMA identifying six issues of dispute. P3A's Notice of Dispute copied representatives of PREPA and the Oversight Board and asserted that all six issues of dispute are "Technical Disputes" under the T&D OMA. It further asserted that "[s]hould LUMA fail to remedy these violations . . . PREPA and P3A will pursue every remedy the T&D OMA allows – including, if necessary, termination of the agreement . . . ."

2. Three days later, on July 25, 2025, LUMA responded with a Notice of Dispute of its own ("LUMA's Notice of Dispute"). LUMA acknowledged that it was prepared to proceed with the T&D OMA's dispute resolution process for the six issues of dispute, but that the Parties had a threshold dispute as to whether those issues should be classified as "Disputes" or "Technical Disputes" under the T&D OMA (the "Threshold Dispute"). Under the T&D OMA, the process for resolving a dispute differs depending on whether the dispute is classified as a "Dispute" or a "Technical Dispute."

3. The Parties' Designated Persons (as defined in the T&D OMA) met on August 6, 2025, to negotiate the issues raised in their Notices of Dispute, but did not resolve any of them. On August 15, 2025, LUMA sent a Notice of Mediation, requesting to mediate all of the Parties'

3

disputes pursuant to T&D OMA § 15.5. In response, by letter dated August 20, 2025, P3A refused to mediate and stated that it would proceed to initiate the Technical Dispute resolution process for their six issues of dispute, notwithstanding the Threshold Dispute.

4. On August 25, 2025, LUMA filed a complaint ("Complaint") against PREPA and P3A in the Title III case alleging that the Defendants breached the T&D OMA by refusing to participate in mediation of the Threshold Dispute [ECF No. 1]. LUMA seeks damages for breach of contract, a declaratory judgment that the proper procedure to determine whether the six issues are "Disputes" or "Technical Disputes" is what is provided in Section 15.5 and 15.6 of the T&D OMA, and a declaratory judgment that, among other things, the six issues raised in P3A's Notice of Dispute are "Disputes," and not "Technical Disputes," as those terms are defined in the T&D OMA.

5. Simultaneously with the Complaint, LUMA filed a *Motion for Provisional Relief and Certain Exhibits* ("Motion for Provisional Relief") [ECF No. 6] and a *Motion To Seal Portions of LUMA's Motion for Provisional Relief and Certain Exhibits* ("Motion to Seal") [ECF No. 5]. Through the Motion for Provisional Relief, LUMA asks the Court to (a) enter a preliminary injunction enjoining the Defendants from initiating or continuing the Technical Dispute resolution process under Article 15 of the T&D OMA with respect to the issues in P3A's July 22, 2025 Notice of Dispute until the Threshold Dispute is decided by agreement or through the appropriate dispute-resolution process and (b) order the Defendants to mediate the Threshold Dispute pursuant to Section 15.5 of the T&D OMA.

6. The Court subsequently entered the August 26 Order directing the Parties to file this Joint Status Report and to meet and confer on "the need, if any, for sealing materials and for motion practice concerning the Motion for Provisional Relief" [ECF No. 9].

4

7.     The Parties met and conferred on August 29, 2025. The Parties were unable to resolve the disputes presented in the Motion for Provisional Relief and agree that briefing will be necessary. The Parties agree that none of the materials in the Motion to Seal must be submitted under seal, and LUMA hereby withdraws the Motion to Seal.[3]

**II.    Parties' Statements on Scheduling.**

8.     The Parties disagree as to the appropriate schedule for adjudicating the Motion for Provisional Relief. Their respective proposals are below.

**LUMA's Statement:**

9.     The sole reason there is any disagreement over scheduling here—and indeed, the very reason for the pending Motion for Provisional Relief—is because Defendants refuse to wait to proceed with the Technical Dispute resolution process until the Threshold Dispute is resolved. Until 4 PM today—one hour before this joint status report was due—P3A took the position that Defendants would not pause their pursuit of the Technical Dispute process for briefing and decision on LUMA's Motion for Provisional Relief. That was unacceptable. By seeking to bifurcate briefing of the Motion for Provisional Relief into separate "jurisdiction" and "merits" phases without such a pause, Defendants were attempting to "run out the clock" on LUMA's Motion for Provisional Relief. In essence, Defendants were seeking a *fait accompli*: they wanted to make the hearing process take so long that, by the time the Court decides LUMA's motion, all

---

[3]  Notwithstanding the withdrawal of the Motion to Seal, the Parties reserve all of their respective rights under the T&D OMA as to any other limitations that might affect communications exchanged between them. Moreover, the agreement to disclose communications attached to the motion for preliminary relief should not be interpreted as a waiver of the confidentiality protections for other communications under the T&D OMA.

of Defendants' six issues of dispute already will have been fully adjudicated through the 60-day expedited, confidential, binding, and non-appealable process for Technical Disputes.

10. Perhaps realizing the unreasonableness of their position, at 4 PM today, P3A's counsel contacted LUMA's counsel to float a "potential," "non-binding" "compromise" that he did not yet have client authority to offer. As part of that proposal, LUMA would agree to bifurcate briefing on its Motion for Provisional Relief into separate jurisdiction and merits phases, and in exchange, P3A would agree to pause the Technical Dispute resolution process during the jurisdiction, *but not the merits*, phase. Needless to say, making such a proposal one hour before the filing deadline and without authority was too little, too late. Defendants' unwillingness simply to pause the Technical Dispute resolution process so that this Court can first adjudicate fully the Motion for Provisional Relief illustrates why such relief became necessary. It is yet more evidence that Defendants are not actually interested in resolving the Parties' disputes fairly and in an orderly fashion, but rather are simply looking to manufacture, as quickly as possible, an excuse to terminate the T&D OMA.

11. Further, Defendants' proposed bifurcation of the Motion for Provisional Relief is unnecessary and attacks a straw man. No one disputes that this Court must determine whether it has subject matter jurisdiction before it can address the merits. But that does not require bifurcated briefing and argument. Parties regularly raise and address jurisdictional and merits issues at the same time; LUMA addressed both in its opening motion. And courts regularly hear, consider, and decide jurisdictional and merits issues all at once, without bifurcation. *See, e.g.*, *Lucas-Insertco Pharm. Printing Co. of Md. LLC v. Salzano*, 124 F. Supp. 2d 27, 28 (D.P.R. 2000) (deciding, at same time, motion for preliminary injunction and motion to dismiss for lack of jurisdiction); *Air*

6

*Prods. & Chemicals, Inc. v. Gen. Servs. Admin.*, 700 F. Supp. 3d 487, 495 (N.D. Tex. 2023) (cited by P3A) (same).[4]

12. Consolidating jurisdictional and merits disputes into a single round of briefing and argument is particularly appropriate where, as here, the matter involves a time-sensitive motion for provisional relief. There is no reason why bifurcation is needed, and Defendants offer none. Bifurcation would not only be inefficient and unnecessary, but it would extinguish any possibility of the very relief LUMA is seeking through the Motion for Provisional Relief.

13. Accordingly, LUMA proposes as follows: If Defendants agree (or the Court orders Defendants) to pause the Technical Dispute resolution process until LUMA's Motion for Provisional Relief is decided, then LUMA will consent to P3A's proposed schedule below, including the bifurcation of jurisdiction and merits issues. If, however, Defendants continue to insist on proceeding with the Technical Dispute resolution process while the Motion for Provisional Relief remains pending, then LUMA requests as follows:

   a. Anyone opposing LUMA's Motion for Provisional Relief (including Defendants and the Oversight Board) shall file their opposition to LUMA's Motion for Provisional Relief, addressing both jurisdiction and merits issues, no later than September 8, 2025;

   b. LUMA shall file a reply, if any, to Defendants' opposition no later than September 15, 2025.

   c. Oral argument, if requested by the Court.

---

[4] Ordinarily, defendants file a separate, parallel motion to dismiss for lack of jurisdiction, rather than seek to bifurcate briefing on a motion for provisional relief to insert a "jurisdictional" phase. *See, e.g.*, *Lucas-Insertco*, 124 F. Supp. 2d 28. Of course, if Defendants pursued that path here, it would moot their bifurcation argument.

d.  Defendants shall file any answer or responsive pleading to the Complaint in accordance with the schedule set forth in the Federal Rules of Civil Procedure.

**P3A's Statement:**

14. Under Puerto Rico law and the express terms of T&D OMA, P3A is the party authorized to administer the T&D OMA on PREPA's behalf. P3A is working to hold LUMA accountable for its failures and mismanagement under the OMA (which P3A administers for PREPA) and does not intend to halt efforts in that respect while this matter is ongoing. In an attempt to evade P3A efforts, LUMA filed a complaint and motion with factual errors and distortions that will be catalogued by P3A at length when needed.

15. But before any of those issues can be addressed on the merits (including the motion for provisional relief) the Title III Court must determine whether subject matter jurisdiction exists. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) (acknowledging that jurisdictional issues must be decided before turning to the merits, but holding that personal jurisdiction may be decided before subject matter jurisdiction under certain circumstances); *Morales Felicano v. Rullan*, 303 F.3d 1, 6 (1st Cir. 2002) ("[T]he preferred—and often the obligatory—practice is that a court, when confronted with a colorable challenge to its subject-matter jurisdiction, should resolve that question before weighing the merits of a pending action."); *Prou v. U.S.*, 199 F.3d 37, 45 (1st Cir. 1999) ("[T]he question of subject-matter jurisdiction is always open: courts at every stage of the proceedings are obligated to consider the issue even though the parties have failed to raise it."); *DiNapoli v. DiNapoli*, 1995 WL 555740, at *2 (S.D.N.Y. Sept. 19, 1995) (denying requests for temporary restraining order and preliminary injunction for lack of subject matter jurisdiction) (Sotomayor, J.); *Park Place Ent'mt Corp. v. Arquette*, 113 F. Supp. 2d 322, 323 (N.D.N.Y. 2000) (considering sua sponte whether the court had subject matter jurisdiction over

8

the motion for preliminary injunction because "the Court ha[d] an independent duty to ensure that jurisdiction is appropriate" and denying the motion for preliminary injunction for lack of subject matter jurisdiction) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990)); *Air Prods. & Chemicals, Inc. v. Gen. Servs. Admin.*, 700 F. Supp. 3d 487, 495 (N.D. Tex. 2023) (citing cases) ("Jurisdiction . . . is a threshold matter; without it, this court has no authority to decide other potentially dispositive issues in this case."). P3A intends to challenge the existence of subject matter jurisdiction as well as argue that the Court should abstain from hearing this matter, especially in light of the T&D OMA's agreed-to exclusive Commonwealth Court forum selection clause. If LUMA believed moving forward with a substantive resolution of the underlying disputes was so pressing, it would have filed its Complaint in the Commonwealth Court where the parties agreed to litigate under a contract entered into post-commencement of this Title III case. LUMA's forum shopping, not P3A's legitimate concerns about jurisdiction, is the cause of any delay based on resolving jurisdictional issues. Nor does LUMA identify any harm to it from having to participate in the Technical Dispute Process. Whatever the ultimate result of the Technical Dispute Process may be, they are not before the Court now.

16. P3A submits that these gating issues should be briefed and resolved before the Court otherwise addresses the merits of LUMA's Motion for Provisional Relief. This course would follow a bedrock principle of federal law: a court must first satisfy itself that it has jurisdiction to hear a matter before it can consider the merits. "Without jurisdiction the court cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, 123 F.4th 1, 15 (1st Cir. 2024) (citing <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 93-102, (1998)) ("[W]e must satisfy ourselves that we have subject-matter jurisdiction before addressing the merits of a claim"), *modified by*, *Marathon Oil Co.*, 526

9

U.S. at 574 (finding that in some cases, personal jurisdiction can be addressed before subject-matter jurisdiction).

17. P3A therefore proposes that the parties should brief whether the Court has jurisdiction to decide the Motion for Provisional Relief and, if so, whether the Court should abstain from exercising its jurisdiction ("Jurisdiction Opposition"). If the Court concludes it has jurisdiction and should not abstain, the parties should then brief the merits of the Motion for Provisional Relief ("Merits Opposition"). P3A proposes the following schedule:

   a. P3A shall file the Jurisdiction Opposition no later than September 16, 2025.

   b. LUMA shall file a reply, if any, to the Jurisdiction Opposition no later than September 23, 2025.

   c. Oral argument on the jurisdictional and abstention issues, if requested by the Court.

   d. If the Court determines it has jurisdiction over the Motion for Provisional Relief and will not abstain, P3A shall file the Merits Opposition no later than seven (7) days after the date of entry of the Court's order concluding it will exercise jurisdiction.

   e. LUMA shall file a reply, if any, to the Merits Opposition no later than seven (7) days after the date the Merits Opposition is filed.

   f. The Defendants shall file any answer or responsive pleading to the Complaint no later than 30 days after the date of entry of the Court's order which fully resolves the Motion for Provisional Relief (unless such date is a weekend or Federal holiday, in which case, such filing shall be due on the next business day thereafter). Defendants believe this will lead to a more efficient resolution of matters in this Adversary Proceeding than filing a responsive pleading before the Motion for

10

Provisional Relief has been fully determined and the Court has addressed issues raised in briefing thereon.

18. In an effort to compromise, in a bifurcated briefing schedule, P3 is willing to stay the Technical Dispute resolution process only until the Court resolves the Jurisdiction Opposition (defined below).[5]

**Oversight Board's Statement on Behalf of PREPA:**

19. The Oversight Board as PREPA's sole representative in the Title III case agrees that jurisdiction/abstention should be decided before the Court reaches the merits of the instant dispute. The briefing schedule should provide an opportunity for the Oversight Board to participate on behalf of PREPA, including to the jurisdiction/abstention point. To the extent the Oversight Board has a position on jurisdiction/abstention, it proposes to file its brief at the same time LUMA files its reply either to the Jurisdiction Opposition if there is bifurcation of the issues or to the Motion for Provisional Relief if no bifurcation.

Dated: September 2, 2025  
San Juan, PR

Respectfully submitted,

**O'MELVENY & MYERS LLP**

*/s/ Peter Friedman*  
Peter Friedman  
Maria J. DiConza  
(Admitted *Pro Hac Vice*)  
Gabriel L. Olivera  
USDC No. 303314  
1301 Avenue of the Americas, Suite 1700  
New York, NY 10019  
Telephone: (212) 326-2000

**MARINI PIETRANTONI MUÑIZ LLC**

*/s/ Manuel A. Pietrantoni*  
Manuel A. Pietrantoni  
USDC No. 219805  
250 Ponce de León Ave., Suite 900  
San Juan, Puerto Rico 00918  
Telephone: (787) 705-2171  
Facsimile: (787) 936-7494  
Email: mpietrantoni@mpmlawpr.com

---

[5] P3A will continue to meet and confer with LUMA to resolve the scheduling disagreement.

Facsimile: (212) 326-2061
Email: pfriedman@omm.com
mdiconza@omm.com
golivera@omm.com

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority acting on behalf of the Puerto Rico Public Private Partnership Authority*

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority acting on behalf of the Puerto Rico Public Private Partnership Authority*

*/s/ Brett Ingerman*
Brett Ingerman
**DLA PIPER LLP (US)**
Harbor East
650 S. Exeter Street, Ste. 1100
Baltimore, MD 21202-4576
T: (410) 580.4177
F: (410) 580.3001
brett.ingerman@us.dlapiper.com

*/s/ Mariana Muñiz Lara*

Mariana Muñiz Lara (local counsel)
USDC-PR No. 231706
**DLA PIPER (PUERTO RICO) LLC**
500 Calle de la Tanca, Suite 401
San Juan, Puerto Rico 00901-1969
T: (787) 945.9106
F: (787) 945.9102
mariana.muniz@us.dlapiper.com

*Attorneys for LUMA Energy, LLC, and LUMA Energy Servco, LLC*

*/s/ Margaret A. Dale*
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael A. Firestein
Laura Stafford
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board, as representative for PREPA*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board, as representative for PREPA*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Mariana Muñiz Lara*
Mariana Muñiz Lara